```
                   UNITED STATES DISTRICT COURT

                     DISTRICT OF CONNECTICUT


JASON AKANDE,
        Plaintiff,
                                          PRISONER
     v.                         CASE NO. 3:08-cv-882(AWT)

WARDEN, CORRIGAN
CORRECTIONAL INSTITUTION, et al.,
        Defendants.
```

## RULING AND ORDER

The plaintiff, who is currently incarcerated at Donald Wyatt Detention Facility in Rhode Island, has filed a second amended complaint *pro se*, making a claim pursuant to 42 U.S.C. § 1983 (2000) for denial of access to the courts. He names Grievance Coordinator Wilkins and Prison Counselor Jones of Corrigan Correctional Institution and Deputy Warden Janet Sicilia of Hartford Correctional Center as defendants.

Under 28 U.S.C. § 1915, the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id*. In reviewing a *pro se* complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as

true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted).  But "'[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

The plaintiff alleges that in October 2007,  he filled out an Inmate Request form seeking to make a legal telephone call and submitted it to Counselor Jones.  At that time, the plaintiff was incarcerated at Corrigan Correctional Institution.  Counselor Jones denied the request and informed the plaintiff that Corrigan prison officials had banned the plaintiff from making any legal telephone calls.  The plaintiff filed grievances regarding the ban with Grievance Coordinator Wilkins who failed to take any action to lift the ban.

After his transfer to Hartford Correctional Center in December 2007, the plaintiff submitted a request to a prison

counselor to make a legal telephone call. The counselor denied his request and informed him that Hartford Correctional Center officials had issued a ban prohibiting him from making any legal telephone calls. Janet Sicilia, the Grievance Coordinator at the time, did nothing to lift the ban. The plaintiff claims that he is proceeding *pro se* in his criminal cases and the ban prohibiting him from making legal telephone calls has prevented him from effectively representing himself in the criminal matters. The court construes the plaintiff's allegations as a claim that the defendants violated his right of access to the courts.

It is well settled that inmates have a First Amendment right of access to the courts. *See Bounds v. Smith*, 430 U.S. 817, 828 (1977) *(modified on other grounds by Lewis v. Casey*, 518 U.S. 343, 350 (1996)). To state a claim for denial of access to the courts, a plaintiff is required to demonstrate that the defendants acted deliberately and maliciously and that he suffered an actual injury. *See Lewis*, 518 U.S. at 353.

To establish an actual injury, a plaintiff must allege facts showing that the defendants took or were responsible for actions that hindered his efforts to pursue a legal claim, prejudiced one of his existing actions, or otherwise actually interfered with his access to the courts. *See Monsky v. Moraghan*, 127 F.3d 243, 247 (2d Cir. 2002)). For example, a plaintiff would have

suffered an actual injury if "a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of the deficiencies in the prison's legal assistance facilities, he could not have known," or he was unable to file a complaint alleging actionable harm because the legal assistance program was so inadequate. *Lewis*, 581 U.S. at 351.

The plaintiff is a defendant in a criminal action pending in this court. *See United States v. Akande*, Case No. 3:05CR136 (RNC). The plaintiff has been represented by counsel or stand-by counsel since he first appeared at his arraignment in June 2005. At the end of September 2007, Judge Chatigny appointed Attorney Alan J. Sobol to act as the plaintiff's stand-by counsel. The plaintiff was transferred from Hartford Correctional Center to Wyatt Detention Facility in Rhode Island during the week prior to December 24, 2008. Attorney Sobol remains the plaintiff's stand-by counsel to date. Thus, although the court granted the plaintiff leave to proceed *pro se* in his federal criminal case in late September 2007, the plaintiff has not been without the assistance of stand-by counsel.

In November 2005, a jury in the Connecticut Superior Court for the Judicial District of Hartford convicted plaintiff of two counts of forgery in the second degree and two counts of larceny in the sixth degree. *See State v. Akande*, 111 Conn. App. 596, 597-98 (2008). Katherine C. Essington, a special public

defender, represented the plaintiff in the appeal of the convictions to the Connecticut Appellate Court. *See id.* at 597. On December 16, 2008, the Connecticut Appellate Court affirmed the judgment of conviction. *See id.* at 614.  The special public defender filed a petition for certification to appeal the decision of the appellate court.  On March 5, 2009, the Connecticut Supreme Court granted the petition as to one issue. *See State v. Akande*, 290 Conn. 918 (2009).  The appeal remains pending at this time.  Thus, it is apparent that the plaintiff did not proceed *pro se* in his state criminal case during the time period in 2007 when he was incarcerated at Corrigan Correctional Institution and then transferred to Hartford Correctional Center or in 2008 prior to his transfer to Wyatt Detention Facility in Rhode Island.  Furthermore, the plaintiff does not allege that prison officials prevented him from communicating in writing with the special public defender representing him in the appeal of his conviction.   With respect to the plaintiff's federal criminal case, although the court granted him leave to proceed pro se and appointed stand-by counsel, the plaintiff has not alleged specific facts to show that he has been injured or prejudiced by the alleged refusal of the defendants to permit him to make legal telephone calls.  He does not assert that he was unable to communicate via letter to stand-by counsel or the court. Furthermore, it is clear from the docket sheet of his federal

criminal case that the plaintiff has been able to contact the court via letter on more than five occasions since September 2007 and that he has had routine access to stand-by counsel as he has filed numerous motions that were drafted by stand-by counsel and signed by him.[1]  See *Jermosen v. Coughlin*, 89 Civ. 1866 (RJW), 1995 WL 144155, *5 (S.D.N.Y. Mar. 30, 1995) (noting that "[i]nterferences that merely delay an inmate's ability to . . . communicate with the courts do not violate" the inmate's right of access to the courts); *Bellamy v. McMickens*, 692 F. Supp. 205, 214 (S.D.N.Y.1988) (inmates have no right to unlimited telephone calls and there is no obligation to provide the "best manner of access to counsel"); *Pino v. Dalsheim*, 558 F. Supp. 673, 674-75 (S.D.N.Y.1983) (finding that restrictions on telephone calls were permitted, as the inmate had unlimited opportunities to communicate with his attorney by written correspondence and personal visits, even though the attorney's office was located 330 miles from the facility).

   Because the plaintiff has failed to allege that he suffered an actual injury as a result of the defendants' conduct in prohibiting him from making legal telephone calls during his incarceration at Corrigan Correctional Institution and Hartford

---

[1] In addition, Connecticut Superior Court records reflect that plaintiff filed five civil actions between September 2007 and March 2008.  See www.jud2.ct.gov/civil_inquiry (last visited October 23, 2009).

Correctional Center in 2007 and 2008, his claim for denial of access to the courts fails to meet the standard set forth in *Lewis*. Therefore, the claim should be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

## ORDERS

In accordance with the foregoing analysis, the court enters the following orders:

(1)  The complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).  The plaintiff's Motion for Speedy Trial [**doc. # 10**] is **DENIED**.  The right to a speedy trial guaranteed by the Sixth Amendment and the Speedy Trial Act, 18 U.S.C. §§ 3161-3174, applies to an accused in a criminal case and does not apply to litigants in civil actions.  The Clerk is directed to close this case.  If the plaintiff chooses to appeal this decision, he may not do so *in forma pauperis*, because such an appeal would not be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3)(2000).

(2)  **The Pro Se Prisoner Litigation Office shall** send a courtesy copy of the Complaint and this Ruling and Order to the Connecticut Attorney General and the Department of Correction Legal Affairs Unit.

It is so ordered.

Signed this 16th day of November, 2009 at Hartford, Connecticut.

/s/AWT
Alvin W. Thompson
United States District Judge
